UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

REBECCA POTRYKUS, Conservator for
D.S., a minor,

       Plaintiff,

v.

MCLAREN HEALTH CARE, et al.,

       Defendants.
_____/

Case No. 1:23-cv-10813

Honorable Thomas L. Ludington
United States District Judge

**OPINION AND ORDER GRANTING THE GOVERNMENT'S MOTION TO DISMISS, DISMISSING THE GOVERNMENT WITH PREJUDICE, AND REMANDING CASE TO BAY COUNTY CIRCUIT COURT**

In September 2022, Plaintiff Rebecca Potrykus, Conservator for the Estate of D.S., a minor, filed this medical-malpractice case in the Bay County Circuit Court, alleging that the negligent care and treatment provided during D.S.'s delivery resulted in substantial injuries that reduced his quality of life. Seven months later, the Government removed the case because some of the Defendants were employees of the Public Health Service and filed a motion to be substituted as a party in place of those Defendants.

Now, the Government has filed a motion to dismiss Plaintiff's claims against it because Plaintiff did not file her claim with the Department of Health and Human Services two years of the date of injury, as required under the Federal Tort Claims Act. ECF No. 11. Plaintiff admits she never filed her claim with the DHHS but asserts that equitable tolling should apply.

**I.**

At the motion to dismiss stage, this Court must assume the facts as alleged in Plaintiff's Complaint, ECF No. 1, are true and evaluate the legal adequacy of those facts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, *accepted*

*as true*, to 'state a claim to relief that is plausible on its face.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added)).

In 2012, Plaintiff Rebecca Potrykus gave birth to D.S., who has since been diagnosed with cerebral palsy and a brain injury. ECF No. 1 at PageID.9, 13. Plaintiff, who was 25 years at the time, had an estimated delivery date of October 20, 2012. *Id.* at PageID.9–10. Nineteen days before Plaintiff's delivery date, she "presented to McLaren Medical Center for mild preeclampsia." *Id.* at PageID.10. Plaintiff's Complaint then includes a "timeline of events" outlining her delivery of D.S. from October 1, 2012 through October 4, 2012.[1] *Id.* D.S. was ultimately born on October 4, 2012. *Id.* at PageID.12.

After birth, D.S. "was cared for by many physicians, attendings, physicians-in-training, residents, physician assistants, nurse practitioners, and nursing staff." *Id.* D.S. was born "very limp and pale" and there were "no spontaneous respirations." *Id.* Three hours later, he was transferred to Covenant HealthCare, and discharged on October 10, 2012. He has since been diagnosed with cerebral palsy, hypoxic-ischemic encephalopathy, and Chiari malformation. *Id.* at PageID.13.

Plaintiff's Complaint alleges sixteen counts of medical negligence, each against a different doctor, nurse, or hospital involved in D.S.'s delivery and subsequent care. *Id.* at PageID.13–40.

On April 10, 2023, four of the 16 Defendants—Great Lakes Bay Health Centers (GLBHC), Bradley Merrills, M.D., Maria Teresa Benitez, M.D., and Walter J. Yee, D.O.—removed the case to this Court because they are employees of the United States Public Health Service (USPHS).[2]

---

[1] This timeline appears to be medical notes copied and pasted from medical records to the complaint. *Id.*

[2] Under the Federally Supported Health Centers Assistance Act, certain "health centers" that serve populations that are "medically underserved," receive grant money from the USPHS to increase the availability of funds for the health centers to provide primary health-care services by reducing or eliminating health centers' malpractice insurance premiums. 42 U.S.C. § 254b; *see also* U.S. DEP'T OF HEALTH & HUMAN SERVICES, HEALTH RESOURCES & SERVICES ADMINISTRATION,

ECF No. 1. Seven months later, the parties agreed to substitute the Government as a party in place of Defendants GLBHC, Merrills, Benitez, and Yee. ECF No. 8; *see also* 42 U.S.C. § 233 (requiring personal-injury claims against USPHS employees to proceed against the United States under the Federal Tort Claims Act). Accordingly, GLBHC, Merrills, Benitez, and Yee were dismissed with prejudice. *Id.* at PageID.91.

Two weeks after they were added as a Defendant to the case, the Government filed a Motion to Dismiss Plaintiff's claims against it, alleging Plaintiff failed to exhaust her administrative remedies under the Federal Tort Claims Act. ECF No. 11.

**II.**

Under Civil Rule 12(b)(6), a pleading fails to state a claim if it does not contain allegations that support recovery under any recognizable theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When considering a Rule 12(b)(6) dismissal, the court must accept all factual allegations of the complaint as true and will construe the pleading in favor of the nonmovant. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The plaintiff need not provide "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In essence, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," but the court need not accept as true the complaint's legal conclusions. *Iqbal*, 556 U.S. at 678–79 (quotations and citation omitted).

**III.**

---

"FTCA Frequently Asked Questions," https://bphc.hrsa.gov/initiatives/ftca/faq (last visited Nov. 30, 2023) [https://perma.cc/RL87-7DME]. As a result, employees of hospitals that receive such grant funding are considered federal employees. 42 U.S.C. § 233(g)(1)(A), (g)(4).

**A.**

"A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues or unless the action is begun within six months after the date of mailing, by certified or registered mail, a notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).

But equitable tolling allows a court to extend a statute of limitations period when a litigant's failure to file suit within that period was unavoidable. *Jackson v. United States*, 751 F.3d 712, 718 (6th Cir. 2014). In FTCA cases, the doctrine of equitable tolling should be used "sparingly, ... not when there has only been a garden variety claim of excusable neglect." *Id.* (quoting *Chomic v. United* States, 377 F.3d 607, 615 (6th Cir. 2004)). The party asserting that a claim be equitably tolled bears the burden of establishing its propriety. *Id.* at 718–19. And for purposes of determining whether equitable tolling applies, the action or inaction of an attorney is attributable to his or her client. *Mason v. Dep't of Just.*, 39 F. App'x 205, 207 (6th Cir. 2002).

Courts "consider five factors when evaluating whether equitable tolling is appropriate." *DB by & through Lundy v Shelby Cnty. Health Care Corp*, 861 Fed Appx 634, 636 (6th Cir. 2021) (citing *Jackson v. United States*, 751 F.3d 719, 718 (6th Cir. 2014)). These factors are: "(1) the plaintiff's lack of notice of the filing requirement; (2) the plaintiff's lack of constructive knowledge of the filing requirement; (3) the plaintiff's diligence in pursuing her rights; (4) an absence of prejudice to the defendant;[3] and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement." *Jackson*, 751 F.3d at 719. However, those five factors are not

---

[3] Factor four—an absence of prejudice to the defendant—is "immaterial absent other factors supporting equitable tolling." *D.B. by & through Lundy v. Shelby Cnty. Health Care Corp.*, 861 F. App'x 634, 636 n.3 (6th Cir. 2021) (citing *Kellum v. Comm'r of Soc. Sec.*, 295 F.App'x 47, 49–50 (6th Cir. 2008)).

comprehensive or relevant in all cases, and "a litigant's failure to meet a legally-mandated deadline due to unavoidab[le] ... circumstances beyond that litigant's control is often the most significant consideration in courts' analyses, rather than any particular factor of the five-part standard." *Zappone v. United States*, 870 F.3d 551, 556 (6th Cir. 2017) (internal quotations omitted).

**B.**

Defendant argues Plaintiff's claims against the Government are barred under 28 U.S.C. § 2401(b) because Plaintiff never presented her claim to the Department of Health and Human Services (DHHS) before filing this lawsuit and the time for doing so has expired. ECF No. 11. Plaintiff admits she never presented her claims to DHHS but asserts equitable tolling should apply. ECF No. 13. But Plaintiff has not shown that the circumstances surrounding her failure to file her claims with the DHHS were "beyond [her] control." *Jackson.* 751 F.3d at 718 (citation omitted).

*Plaintiff's lack of notice of the filing requirement* and *Plaintiff's lack of constructive knowledge of the filing requirement*. Plaintiff claims there is no proof she had constructive knowledge or notice of the FTCA filing requirement because she never received any communication suggesting the GLBHC or its doctors were public service employees. ECF No. 13 at PageID.136–37. But, even if Plaintiff lacked *actual* knowledge of Defendants' public-service status, she had *constructive* knowledge. "Constructive knowledge is commonly understood to be 'information or knowledge of a fact imputed by law to a person (although he may not actually have it), because *he could have discovered the fact by proper diligence*, and his situation was such as to cast upon him the duty of inquiring into it.'" *D.B. by & through Lundy v. Shelby Cnty. Health Care Corp.*, 861 F. App'x 634, 636 (6th Cir. 2021) (quoting *Kirby v. Macon Cnty.*, 892 S.W.2d 403, 409 (Tenn. 1994)) (emphasis added). And Plaintiff could have discovered that GLBHC and the relevant doctors were public service employees by contacting GLBHC directly or visiting its website

which, between 2012 and 2014, "consistently stated that [GLBHC] was a FTCA deemed facility" ECF No. 14-2 at PageID.244–45. Alternatively, Plaintiff could have used the United States Health Resources & Service Administration's "Federal Tort Claims Act Search Tool." *See Federal Tort Claims Act Search Tool*, U.S. DEP'T OF HEALTH & HUM. SERVS., https://data.hrsa.gov/tools/ftca-search-tool (last updated December 1, 2023) [https://perma.cc/Q6US-6JCK]; *see also D.B. by & through Lundy v. Shelby Cnty. Health Care Corp.*, 861 F. App'x 634, 637–38 (6th Cir. 2021) (holding plaintiff could have learned provider's status by utilizing the FTCA Search Tool, visiting their website, or contacting them directly). In sum, Plaintiff *could have* discovered GLBHC and its doctors' status with proper diligence, so the first two factors weigh against equitable tolling.

*Plaintiff's diligence in pursing her rights*. Plaintiff alleges she was diligent because she filed her claim "well before the minor's 18th birthday," which is within the timeframe for filing a medical malpractice claim under Michigan law. ECF No. 13 at PageID.137; *see also* MICH. COMP. LAWS § 600.5851(7) (providing that if a medical malpractice claim accrues to a person under the age of eight years old, that person has until his or her tenth birthday to bring the claim). But waiting nearly ten years to file a medical-malpractice claim, even within the statute of limitations for a medical-malpractice claim under applicable state law, does not suggest diligence. *See White by White v. United States*, No. 1:17-CV-882, 2018 WL 9944972, at *2 (W.D. Mich, January 26, 2018) ("Taking all measures necessary to bring a state malpractice claim is insufficient to show diligence in FTCA cases." (citing *Hawver v. Nestorak*, No. 13-11068, 2017 WL 2213571, at *6 (E.D. Mich. May 19, 2017))). Thus, this factor weighs against equitable tolling, as well.

*Plaintiff's reasonableness in remaining ignorant of filing requirement*. Plaintiff alleges her lack of knowledge of the time limit was reasonable because she "was referred [to GLBHC] by her primary care physician and would not have had any reason to know these were federally protected

- 6 -

employees," and asserts it took the Attorney General five months to determine whether the relevant "employees were acting in the course and scope of their protected employment," thus she could not be expected to make such a determination. ECF No. 13 at PageID.137–38. But, as discussed, Plaintiff could have discovered the public-service status of GLBHC and its doctors if she had contacted GLBHC directly, visited their website, or used the FTCA search tool. And Plaintiff was never required to make a determination about whether the relevant employees were *acting* in the course and scope of their protected employment. She was merely required to determine if they were *subject to* a protected employee status as Public Health Service employee.

      Finally, Plaintiff urges this Court to consider that "this is a serious birth trauma case with lifelong impacts that will result for the minor," ECF No. 13 at PageID.138, and that she is a "layperson" who only recently obtained counsel, so she should not be held to the same standard as an attorney. *Id.* at PageID.140. (emphasis omitted). And although this Court recognizes the serious nature of Plaintiff's birth-trauma claims, Plaintiff's choice to not retain counsel for ten years was well within her "control." *Zappone v. United States*, 870 F.3d 551, 556 (6th Cir. 2017). Indeed, she could have retained counsel at any point over the past decade. She did not until 2022.[4] *See* ECF No. 13 at PageID.140. And "[i]gnorance of the legal process alone will not provide the basis for an equitable tolling claim," regardless of how serious the underlying claims may be. *Zappone v. United States*, 870 F.3d 551, 559 (6th Cir. 2017). *See also Hawver v. Nestorak*, No. 13-11068, 2017 WL 2213571, at *7 (E.D. Mich. May 19, 2017) (finding that a plaintiff was not entitled to equitable tolling when she did not retain counsel until after the FTCA's statute of limitations had

---

[4] Notably, Plaintiff provides no explanation as to why she waited ten years to retain counsel. Nor does she explain anything that she did during the decade between D.S.'s birth and her decision to retain counsel.

expired and made no effort to identify employment status of Defendants during the time she was unrepresented).

In sum, Plaintiff has not demonstrated extraordinary circumstances that prevented her from discovering Defendants' federal status existed, thus she has not carried her burden to invoke equitable tolling. *See Bazzo v United States*, No. 11-10241, 2011 WL 2601009, at *3 (ED Mich, June 30, 2011). So Defendants' Motion, ECF No. 11., will be granted and the Government will be dismissed from this case with prejudice.

**IV.**

Having dismissed the Government as a Defendant, this Court turns to Plaintiff's request that this Court decline supplemental jurisdiction over her remaining claims and remand them to the Bay County Circuit Court. ECF No. 13 at PageID.141. The Government does not oppose this request, *see* ECF No. 14 at PageID.238, and no other Defendant expressed a position on the issue.

"Supplemental jurisdiction is discretionary, not mandatory." *Bruce v. Sana Health, Inc.*, 504 F. Supp. 3d 653, 657 (E.D. Mich. 2020) (citing *Charvat v. NMP, LLC*, 656 F.3d 440, 446 (6th Cir. 2011)). When a district court has original subject matter jurisdiction—either federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332—on some claims, it can choose to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over "all other claims" that form "part of the same case or controversy under Article III of the ... Constitution" as the claims with original jurisdiction. 21 U.S.C. § 1367(a). "Claims form part of the same case or controversy when they derive from a common nucleus of operative facts." *Bates v. Am. Credit Acceptance, LLC*, No. 16-12239, 2016 WL 5477429, at *3 (E.D. Mich. Sept. 29, 2016) (quoting *Blakely v. United States*, 276 F.3d 853, 861 (6th Cir. 2002)); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). But, once a district court "has dismissed all claims over which

it has original jurisdiction," it may decline to exercise supplemental jurisdiction over the remaining state-law claims. 28 U.S.C. § 1367(c)(3). "If the federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Brooks v. Rothe,* 577 F.3d 701, 709 (6th Cir. 2009).

Plaintiff's case was properly before this Court because the Government was a Defendant. The remaining 12 Defendants[5] are not federal healthcare providers and did not remove the case to this Court on the basis of diversity. And because the Government Defendants have been dismissed, Plaintiff's 12 remaining claims of medical malpractice under Michigan law are all claims over which this Court does not have original jurisdiction. *D.B. by & Through Lundy v. Shelby Cnty. Health Care Corp.*, 501 F. Supp. 3d 602, 610–11 (W.D. Tenn. 2020), *aff'd,* 861 F. App'x 634 (6th Cir. 2021). Accordingly, this Court will decline to exercise supplemental jurisdiction and remand Plaintiff's case against the 12 remaining Defendants to the Bay County Circuit Court.

V.

Accordingly, it is **ORDERED** that the Government's Motion to Dismiss, ECF No. 11, is **GRANTED**.

Further, it is **ORDERED** that the Government is **DISMISSED WITH PREJUDICE**.

Further, it is **ORDERED** that Plaintiff's remaining medical negligence claims against the remaining 12 Defendants are **REMANDED** to the Bay County Circuit Court.

**This is a final order and closes the above-captioned case in this Court.**

Dated: December 1, 2023             s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

[5] The remaining 12 Defendants are: (1) McLaren Health Care; (2) McLaren Bay Region; (3) McLaren Medical Group; (4) Debra Collins RN; (5) Katherine M. Dowd RN; (6) Danette Daniel RN; (7) Molly Leser RN; (8) Kimberlee Mahoney RN; (9) Jennifer Hodder; (10) Guadalupe Reyez-Smith; (11) Lisa Kukla; and (12) Sheryl Dewald.